Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Armando Munoz**, an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Joey's General Contractor Heating and Cooling, LLC**, an Arizona company; **Luis Redrovan,** an Arizona resident; and **Elizabeth Redrovan,** an Arizona resident**;** | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Armando Munoz ("**Plaintiff**"), for his Verified Complaint against Defendants Joey's General Contractor Heating and Cooling, LLC; Luis Redrovan; and Elizabeth Redrovan (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage

Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Armando Munoz resided in the District of Arizona.

8. Plaintiff Armando Munoz was a full-time employee of Defendants from on or around July 2, 2021, until on or around October 8, 2021.

9. At all relevant times, Plaintiff Armando Munoz was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times, Plaintiff Armando Munoz was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. At all relevant times, Armando Munoz was an employee of Defendant Joey's

General Contractor Heating and Cooling, LLC as defined by A.R.S. § 23-350(2).

12. Defendant Joey's General Contractor Heating and Cooling, LLC is a company authorized to do business in Arizona.

13. Defendant Joey's General Contractor Heating and Cooling, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Defendant Joey's General Contractor Heating and Cooling, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. Defendant Joey's General Contractor Heating and Cooling, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

16. Defendant Luis Redrovan is an Arizona resident.

17. Defendant Luis Redrovan has directly caused events to take place giving rise to this action.

18. Defendant Luis Redrovan is the owner of Joey's General Contractor Heating and Cooling, LLC.

19. Defendant Luis Redrovan is a manager of Joey's General Contractor Heating and Cooling, LLC.

20. Defendant Luis Redrovan is an employer of Joey's General Contractor Heating and Cooling, LLC.

21. Defendant Luis Redrovan is a member of Joey's General Contractor Heating and Cooling, LLC.

22. Defendant Luis Redrovan has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Luis Redrovan has been at all relevant times Plaintiff's employer

as defined by A.R.S. § 23-362(B).

24. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Luis Redrovan is an employer.

25. Defendant Luis Redrovan had to the authority to hire and fire employees.

26. Defendant Luis Redrovan had to the authority to hire and fire Plaintiff Armando Munoz.

27. Defendant Luis Redrovan interviewed and hired Plaintiff Armando Munoz.

28. Defendant Luis Redrovan supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

29. Defendant Luis Redrovan trained Plaintiff and would contact him to check up on the status of jobs.

30. Defendant Luis Redrovan determined the rate and method of Plaintiff's payment of wages.

31. Defendant Luis Redrovan told Plaintiff he would be paid $140 dollars a day.

32. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Luis Redrovan is subject to individual and personal liability under the FLSA.

33. Defendant Elizabeth Redrovan is an Arizona resident.

34. Defendant Elizabeth Redrovan has directly caused events to take place giving rise to this action.

35. Defendant Elizabeth Redrovan is the owner of Joey's General Contractor Heating and Cooling, LLC.

36. Defendant Elizabeth Redrovan is a manager of Joey's General Contractor Heating and Cooling, LLC.

37. Defendant Elizabeth Redrovan is an employer of Joey's General Contractor Heating and Cooling, LLC.

38. Defendant Elizabeth Redrovan is a member of Joey's General Contractor Heating and Cooling, LLC.

39. Defendant Elizabeth Redrovan has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

40. Defendant Elizabeth Redrovan has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

41. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Elizabeth Redrovan is an employer.

42. Defendant Elizabeth Redrovan supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

43. Plaintiff would text Defendant Elizabeth Redrovan his hours.

44. Defendant Elizabeth Redrovan determined the rate and method of Plaintiff's payment of wages.

45. Defendant Elizabeth Redrovan ran payroll.

46. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Elizabeth Redrovan is subject to individual and personal liability under the FLSA.

47. Upon reasonable belief, during Plaintiff's employment with Defendants,

Defendant Elizabeth Redrovan and Defendant Luis Redrovan were legally married.

48. Defendant Elizabeth Redrovan and Defendant Luis Redrovan have caused events to take place giving rise to this action as to which their marital community is fully liable.

49. Under the principle of marital community property, actions by one individual are imputed on the marital community property.

50. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

51. Defendants, and each of them, are sued in both their individual and corporate capacities.

52. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

53. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

54. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

55. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

56. Plaintiff would use the telephone for communication with Defendants.

57. Plaintiff is a covered employee under individual coverage.

**FACTUAL ALLEGATIONS**

58. The entity Defendant is a construction company.

59. On or around July 2, 2021, Plaintiff Armando Munoz commenced employment with Defendants as an apprentice.

60. Plaintiff's primary job duties included installing piping and drainage.

61. From on or around July 2, 2021, to on or around October 8, 2021, Plaintiff Armando Munoz was supposed to be paid at a rate of $140 dollars a day.

62. Plaintiff was a non-exempt employee.

63. Plaintiff has not been paid his final wages.

64. Plaintiff is owed approximately $1,477.

65. Defendants failed to properly compensate Plaintiff for his hours worked.

66. Plaintiff, therefore, did not receive his FLSA minimum wage or Arizona minimum wage.

67. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on his next paycheck.

68. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

69. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

70. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

71. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

72. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

73. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

74. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

75. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

76. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

77. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

78. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

79. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

80. Defendants have not made a good faith effort to comply with the FLSA.

81. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

82. Plaintiff incorporates by reference all of the above allegations as though fully

set forth herein.

83. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

84. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

85. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

86. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

### COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
### (ONLY AGAINST DEFENDANT JOEY'S GENERAL CONTRACTOR HEATING AND COOLING, LLC)

87. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

88. At all relevant times, Plaintiff was employed by Defendant Joey's General Contractor Heating and Cooling, LLC within the meaning of the Arizona Wage Statute.

89. Defendant Joey's General Contractor Heating and Cooling, LLC was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

90. Defendant Joey's General Contractor Heating and Cooling, LLC was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

91. Defendant Joey's General Contractor Heating and Cooling, LLC failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

92. Defendant Joey's General Contractor Heating and Cooling, LLC has

willfully failed and refused to timely pay wages due to Plaintiff.

93. As a result of Defendant Joey's General Contractor Heating and Cooling, LLC unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

    i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and

declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 19, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Armando Munoz declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Armando Munoz